**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>MELVIN MILIVOJ MARIN, Jr.,<br><br>Debtor,<br><br><br><br><br><br><br>MELVIN MILIVOJ MARIN, Jr.,<br><br>Appellant,<br><br>v.<br><br>MICHAEL KOCH,<br><br>Appellee. | Case Nos.: 3:25-cv-01996-RBM-SBC;<br>3:25-cv-02546-RBM-SBC<br><br>Bankruptcy Case No.: 24-04690-JBM13<br><br>**ORDER:**<br><br>**(1) DISMISSING APPEAL [Doc. 1]; and**<br><br>**(2) DENYING AS MOOT MOTION TO CLARIFY [Doc. 12]** |

On August 4, 2025, Appellant Melvin Milivoj Marin, Jr. ("Appellant") filed a Notice of Appeal under 28 U.S.C. § 158(c)(1), seeking review of a judgment by the United States Bankruptcy Court, Southern District of California ("Bankruptcy Court"). (Doc. 1.) On October 15, 2025, the Bankruptcy Court filed a Notice of Unperfected Appeal, indicating that Appellant failed to comply with Federal Rule of Bankruptcy Procedure 8009. (Doc. 6; *see* Fed. R. Bankr. P. 8009(a) (Appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues

1

to be presented."); Fed. R. Bankr. P. 8009(b) (Appellant must order in writing "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or[] file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.").) In accordance with the Notice of Unperfected Appeal, the Court previously ordered Appellant to perfect the appeal as required by Rule 8009, or to show cause why his appeal should not be dismissed for failure to perfect, on or before December 18, 2025. (Doc. 7 at 2.)

Appellant did not timely perfect the appeal or respond to the Order to Show Cause. About two weeks after his deadline to do so lapsed, Appellant filed a Motion for Additional Extension of Appellate Deadlines ("Motion for Extension"). (Doc. 8-1.) In it, he requested an additional extension of time because he had to move to a veterans' home in Wisconsin and struggled to gather the required documents in light of his visual injuries. (*Id.*) The Court granted Appellant another extension, until February 13, 2026, to perfect the appeal as required by Bankruptcy Rule 8009. (Doc. 9 at 2–3.) In so doing, though, the Court cautioned Appellant that it may dismiss his appeal if he failed to perfect it:

> Appellant has already received over four months of additional time to perfect his appeal. (*See* Docs. 2, 4, 7.) His failures to comply with the Court's Order and perfect his appeal during this time would justify dismissal. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than timely filing a notice of appeal . . . is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."); Fed. R. Bankr. P. 8020(b) ("The district court . . . may discipline or sanction an attorney or party appearing before it for . . . failure to comply with a court order."); *In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a "109 day delay in designating the record on appeal" is an "egregious circumstance[ ]" sufficient to justify a district court's dismissal of an appellant's bankruptcy appeal). However, given Appellant's *pro se* status and his visual injuries, the Court **GRANTS** his Motion for Extension (Doc. 8-1) and will allow him one final opportunity to perfect the appeal.

(Doc. 9 at 2–3.)

Appellant's deadline again passed without him perfecting the appeal. On February 18, 2026, the Bankruptcy Court filed a Second Notice of Unperfected Appeal, indicating

3:25-cv-01996-RBM-SBC

that Appellant failed to comply with Bankruptcy Rule 8009. (Doc. 11.)[1] This action has now been pending for over nine months, and Appellant still has not perfected the appeal despite multiple opportunities and extensions. As the Court noted in its previous Order, the Ninth Circuit has found that a "109-day delay in designating the record on appeal" is an "egregious circumstance[ ]" sufficient to justify a district court's dismissal of a bankruptcy appeal "for noncompliance with procedural rules without explicit consideration of alternative sanctions." *In re Marsh*, 19 F. App'x at 729. The delay in this action has been over twice as long. Accordingly, the Court **DISMISSES** the appeal and **DIRECTS** the Clerk of the Court to close the case.

   **IT IS SO ORDERED**.

DATE: May 11, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] On March 9, 2026, nearly a month after his most recent deadline to perfect the appeal, Appellant filed a Motion to Clarify and Determine Jurisdiction or for Declaratory Judgment and Affirmation in Support Thereof. (Doc. 12.) Appellant filed this motion in both the lead case, 25-cv-01996, and the consolidated case, 25-cv-02546 (Doc. 4). The filings are identical, so the Court cites only to the one filed in the lead case. The motion is hard to follow and includes as exhibits filings and letters from several unrelated actions. (*See* Doc. 12 at 3–13.) Although the Court must liberally construe the pleadings of *pro se* litigants, *Karim-Panahi v. LA Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the Court must not "serve as an attorney for either litigant, and the Court will not comb through the papers [Appellant] has submitted and create arguments for him." *Williams v. Dep't of Veterans Affairs*, No. 10CV1254-LAB (NLS), 2010 WL 3788843, at *1 (S.D. Cal. Sept. 22, 2010) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364–66 (9th Cir. 1986)). The motion is not responsive to any of the Court's previous Orders to Show Cause, nor does it explain Appellant's failure to perfect the appeal. The motion (Doc. 12 in this case and Doc. 4 in the consolidated case) is therefore **DENIED as moot** in light of the Court's Order dismissing the appeal above.

3:25-cv-01996-RBM-SBC